UNITED STATES READING LAB, INC., Appellant,

v.

Dr. M. L. BROCKETTE, Commissioner of Education of Texas, et al., Appellees.

No. 12551.

Court of Civil Appeals of Texas, Austin.

May 18, 1977.

Rehearing Denied June 8, 1977.

Adrian M. Overstreet, Jr., Kammerman, Yeakel, Trickey & Overstreet, Austin, for appellant.

John L. Hill, Atty. Gen., Anthony J. Sadberry, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

The Commissioner of Education, in behalf of the State of Texas, acting through the Attorney General, brought this lawsuit to enjoin United States Reading Lab, Inc., from pursuing certain practices alleged to be deceptive and from conducting business in Texas without obtaining a certificate of approval under provisions of the Texas Proprietary School Act.

The State proceeded in this lawsuit under provisions of Section 17.47, Texas Business and Commerce Code, authorizing the Attorney General to bring an action to restrain persons or firms from engaging in acts or practices declared to be unlawful under the Deceptive Trade Practices-Consumer Protection Act of 1973, (Acts 1973, 63rd Leg., p. 322, ch. 143, eff. May 21, 1973), and also sought to enjoin appellant from operating a proprietary school without a certificate of approval as defined by Section 32.11(1)(A), (B) of the Texas Education Code, an operation made illegal by Section 32.61(a)(1) of the Code. (Acts 1973, 63rd Leg., pp. 1267, ch. 463, eff. June 14, 1973).

The United States Reading Lab, Inc., answered by a general denial and the further allegation that ". . . Chapter 32 of the Texas Education Code on which this suit is based is an unconstitutional infringement on the First Amendment right of free speech guaranteed by the United States Constitution."

The record shows that the trial court on September 22, 1976, entered an order of temporary injunction, restraining the corporation from specified activities alleged by the State to be deceptive and misleading, and further from soliciting or enrolling students in its school until the corporation "has been issued a Certificate of Approval . . . by the Administrator of the Proprietary School Act."

On the same day, the trial court also entered judgment by which appellant was "permanently enjoined from" the activities alleged by the State to be deceptive, including representing to prospective students that the corporation "is legally authorized to conduct business within the State[,] . . . until such time as . . . [appellant] has registered with the Secretary of State . . . ."

The judgment further required appellant to provide a list of students already registered to take instruction offered by appellant, and to refund tuition money upon request of any student, subject to bond required in the amount of $25,000. The trial court allowed supersedeas bond in the amount of $10,000 on the same date.

The corporation appealed and brings two points of error. Under the first point appellant insists that ". . . Section 32 of the Texas Education Code is an unconstitutional infringement on the rights of free speech and individual liberty guaranteed by the United States Constitution." The second point urges that ". . . Section 32 . . . is inherently [sic] unequal in its application to those schools to which it is sought to be applied and therefore constitutes an unlawful or unauthorized delegation of legislative authority."

We will overrule both points of error and affirm judgment of the trial court.

United States Reading Lab pleaded only that Section 32 of the Code was and is an "unconstitutional infringement on the First Amendment right of free speech . . . ." No other claim attacking constitutionality of the statute was pleaded by appellant as an affirmative defense.

■ Although Rule 94, Texas Rules of Civil Procedure, enumerates at least nineteen specified defenses which must be af-

firmatively pleaded, the Rule also includes "any other matter constituting an avoidance or affirmative defense." Avoidance on the basis of a statute being unconstitutional falls within the defenses required to be pleaded affirmatively. *University of Texas System v. Robert E. McKee, Inc.,* 521 S.W.2d 944, 948 (Tex.Civ.App.Eastland 1975, writ ref'd n.r.e.); *City of South Houston v. Sears,* 488 S.W.2d 169, 174 (Tex.Civ. App.Houston [14th Dist.] 1972, no writ). See also *State v. Scott,* 460 S.W.2d 103, 107 (Tex.Sup.1970), cert. denied, 402 U.S. 1012, 91 S.Ct. 2188, 29 L.Ed.2d 435 (1971).

■ Appellant's second point of error in which it claims the statute is inherently unequal in its application to proprietary schools ". . . and therefore . . . an unlawful or unauthorized delegation of legislative authority" was not pleaded by appellant and will not be considered on appeal.

Under the first point, as already noted, appellant urges that the statute infringes on rights of free speech guaranteed under the First Amendment to the Constitution of the United States.

The record does not include a statement of facts, except brief matters stipulated in open court on the morning of September 22, 1976, the day the trial court entered the orders heretofore described.

The stipulations are that (1) appellant designed a curriculum entitled "Rapid Reading" and claims it "teaches people to read rapidly"; (2) testimony if offered in behalf of appellant would be that from its records "the course is successful"; (3) appellant designed the curriculum and believes it effective; and (4) appellant solicited funds in Austin and Lubbock for a course costing "$219.00 for adults and $199.00 for students," and the fee covers four three-hour lectures "as well as some home study in preparation for the lectures."

Beyond the stipulations, this Court has no record of effort on the part of United States Reading Lab to bear the burden of showing that the Proprietary School Act denies appellant the right of free speech guaranteed under the First Amendment.

■ It is a rule well established that legislative enactments will not be held unconstitutional and invalid unless there exists an absolute necessity to hold the statute void because in contravention of a guarantee afforded by the Constitution. *Smith v. Patterson,* 111 Tex. 535, 242 S.W. 749, 750 (1922); *Texas State Board of Barber Examiners v. Beaumont Barber College,* 454 S.W.2d 729, 732 (Tex.Sup.1970). The burden is upon the party attacking a law for infringement upon a right under the Constitution, ". . . and [the] courts need not exert their ingenuity to find reasons for holding the law invalid." *Texas National Guard Armory Board v. McCraw,* 132 Tex. 613, 126 S.W.2d 627, 634 (1939); *Texas State Board of Barber Examiners v. Beaumont Barber College, supra.*

■ We conclude that the record before this Court fails to establish the invalidity of the statutory requirements under attack because of infringement upon appellant's right of free speech, nor does the record tend to overcome the presumption of validity which attaches to legislative acts in an exercise of power to provide regulations having reasonable relationship to the public health, comfort, safety or welfare of the public. The Legislature, in adopting the Texas Proprietary School Act, declared that its aim "is to provide certification and regulation of proprietary schools in Texas." Appellant has failed to demonstrate in what manner provisions of the statute violate its right of free speech.

The judgment of the trial court is affirmed.