**Captain R.J. UNDERHILL, Appellant,**

v.

**JEFFERSON COUNTY APPRAISAL DISTRICT and Appraisal Review Board of the Jefferson County Appraisal District, Appellee.**

**No. 09 86 039 CV.**

Court of Appeals of Texas,
Beaumont.

Dec. 18, 1986.

Opinion on Motion for Rehearing
Jan. 29, 1987.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Beaumont, for appellant.

Thomas L. Hanna and Roger D. Hepworth, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appeal from the granting of a Motion for Summary Judgment on behalf of the Ap-

praisal District and the Review Board thereof. Captain Underhill owned 4 tracts of land in Jefferson County. He filed, pro se, his original petition for review pursuant to *TEX. TAX CODE ANN. sec. 42.21* (Vernon 1982). He pleaded to review the action of the Appraisal Review Board, which action was taken and later reduced to writing and filed, bearing date of July 26, 1985.

Underhill pleaded that the Appraisal Review Board was located at 5840 West Jefferson, Groves, Texas, 77619, and it "may be served by serving [Jim Nichols] its Chairman". Underhill received Notices of Appraised Value, requiring him if dissatisfied to file a written protest. The actual hearing on his protest was conducted on May 29, 1985, before the Appraisal District. Underhill personally, pro se specifically pleaded that the Appraisal Review Board refused to revise the appraisal records as to the valuation of Underhill's 4 separate parcels of land. Appellant attached to his original petition (his only pleading) Exhibit "A", as a part of his pleading for all purposes. Exhibit "A" consisted of 8 written documents described in the next paragraph.

Underhill further pleaded unequivocally that the order disallowing the protest, which found no errors and overruled all the points in the Notice of Protest of Underhill, was executed by Jim Nichols, Chairman of the Appraisal Review Board on July 26, 1985. These exhibits, being 8 in number, all bear the date July 26, 1985. Four are Notices of Issuance of Order on the Protest Hearing and four are Orders Determining the Protest. Each Notice of Issuance of Order is signed by R.S. Grantham, as secretary of the Appraisal Review Board. Each Order Determining Protest is signed by Jim Nichols, Chairman, Appraisal Review Board. The record demonstrates that these 8 exhibits were sent to R.J. Underhill by certified mail. He stated that he received them on or about July 29, 1985, shown by a receipt.

There is only one affidavit filed by Roland Bieber, the Chief Appraiser for the Jefferson County Appraisal District in our record.

Nevertheless, in his Points 1 and 2, Appellant says that the trial court erred in rendering a summary judgment in favor of the Appellees in that there was no evidence and, in the alternative, insufficient evidence that Underhill received both the notice of the issuance of the Order of the Appraisal Board and a copy of the Order, as required by *TEX. TAX CODE ANN. sec. 41.47(d)* (Vernon 1982). We disagree. The posture of Appellant, in the trial court, was that *he did receive the notices and orders pursuant thereto and that he gave timely notice of appeal,* as required by *TEX. TAX CODE ANN. sec. 42.06* (Vernon 1982).

The argument in Appellant's brief is that Bieber, in his first affidavit, failed to testify that the Review Board sent to Underhill both a copy of the issuance of the order and a copy of the order itself. *Section 41.47(d)* provides:

"The board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the chief appraiser."

Without being facetious, we think that the Appellant proved that part of the case for the Review Board. His unequivocal, straight forward trial pleadings, filed pro se, and personally signed, states in its allegations and in its exhibits that he did receive both a notice of the issuance of the order and a copy of the order, itself, on each parcel of his land. In his brief, Appellant says he timely filed his notice of appeal either in the latter part of July, 1985, or the early part of August, 1985. Appellant claims on September 4, 1985, he filed his petition for review in the 60th Judicial District Court of Jefferson County. *Section 42.06* provides as follows:

"(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

"(b) The notice must be filed with the body that issued the order appealed."

Ordinarily, the pleadings of the parties are not considered proof in a motion for sum-

mary judgment proceeding. However, here the admissions by pleadings made by the Appellant, along with the attached exhibits, we deem, are dispositive of these points of error. He proved he received the notices and orders.

There is no room for reasonable minds to differ as to the proper conclusions to be drawn from the conclusive record before us. *Crystal City Independent School Dist. v. Crawford,* 612 S.W.2d 73 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.); *Exxon Corporation v. Raetzer,* 533 S.W.2d 842 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Points of Error 1 and 2 are overruled.

Next, the Appellant argues that the trial court erred against him inasmuch as he contends that the defendants below, Appellees here, received his notice of appeal pursuant to *Sec. 42.06.* It is clear that the whole thrust of Appellant's point and argument on this issue is that he sent his notice of appeal to a person whom he remembers as Mr. Benny Wilber. He says, in his affidavit, that about 2 or 3 days after July 29, 1985:

"I sent Mr. Benny E. Wilber notice of my intention to appeal the Appraisal Review Board's decision. I have no knowledge as to whether Mr. Wilber kept the letter that I sent."

It is correct to state that the whole issue concerning Appellant's giving of the notice of appeal within the 15 day rule of *sec. 42.06,* is whether that notice of appeal to Benny Wilber is sufficient. Bear in mind that the notices of issuance of the order, being 4 in number, were each signed by Mr. Grantham, as the Secretary of the Appraisal Review Board, and each order was signed by Jim Nichols, as Chairman of the Appraisal Review Board. Underhill had to know who was the Chairman of the Board and who was the Secretary of the Board because he pleaded these names and he attached documentary evidence which he accepted as correct. He is careful in his affidavit not to set out any sort of relationship or official capacity of Mr. Benny E. Wilber to the Appraisal Review Board. However, in the response filed by him to the Motion for Summary Judgment, we find:

"In this regard, Plaintiff contends that on or about the end of July, 1985, or on or about the first few days of August, 1985, he provided written notice to Mr. Benny E. Wilber, Chairman of the Appraisal Review Board, of his intention to appeal the Review Board's decision. Therefore, Plaintiff has abided by the terms of Section 42.06."

This response to the Appellee's Motion for Summary Judgment was not signed by Underhill, nor was it sworn to by anybody; it is signed by his lately acquired attorney. In fairness and in logic, this is where the real issue is joined in this appeal. Who was Mr. Wilber and, more crucially, what, if anything, was his relationship to the Appellees? The Appellees vehemently argue that Benny Wilber had had no connection with the Review Board since 1983. Appellees argue that *sec. 42.06(b)* requires that "[t]he notice must be filed with the body that issued the order appealed." They then contend that Roland Bieber, who was the Chief Appraiser, testified in his "second affidavit that Mr. Wilber is not a member of the Jefferson County Appraisal Review Board and this was not controverted by Appellee." We simply have no "second affidavit of Bieber" nor does our Clerk, nor does it appear anywhere in the record in the case sub judice. If the Appellant raised a disputed, material fact issue, he barely did so. Out of an abundance of precaution, however, since the Appellees have not furnished us with this second affidavit of Bieber, nor have they requested that the record be supplemented nor that the transcript be supplemented, we feel constrained to remand this case. The scope of the remand, however, will be limited to whether or not Wilber was a member of the Appraisal Review Board in 1985. We think this is the practical, judicially efficient way to remand this matter at this time. In order for the movant to be entitled to a summary judgment the movant must conclusively prove all essential elements of his claim or defense. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). But let us be

practical. If the parties desire to supplement the record, we will entertain proper motions. This may avoid a remand. Apparently, Appellees did not request that Bieber's second affidavit be placed in the record.

REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. I would affirm the summary judgment. The Appraisal Review Board's summary judgment proof included an affidavit which showed there was no notice of appeal in their records because they had received no such notice. It became Captain Underhill's burden to present opposing evidence that the Appraisal Review Board had been sent or had received the notice. He failed to do this.

While I do not quarrel with the logic of the limited remand, I believe it unnecessary. Even under the record before us, Captain Underhill did not present competent evidence to controvert the summary judgment proof of the Appraisal Review Board. The judgment of the trial court should be affirmed.

*OPINION ON APPELLEES' MOTION FOR REHEARING*

BROOKSHIRE, Justice.

█ In our original opinion, we pointed out that we, then, had no "second affidavit of Bieber". Apparently, this "second affidavit of Bieber" was omitted from our record by inadvertence. We now have this "second affidavit". It unequivocally states that:

> " 'Mr. Bennie Wilber, who the Plaintiff in this case states that he filed a Notice of Appeal with, served as a member of the Appraisal Review Board for the 1982–1983 term of office. Mr. Wilber further served as Secretary for the 1982 term and Chairman for the 1983 term. Mr. Wilber has not served as a member of the Appraisal Review Board since the expiration of his term.' "

In our original opinion, we stressed that Captain Underhill relied solely on his having given notice of appeal to Mr. Wilber.

The notice of appeal to Mr. Wilber was given sometime shortly after July 29, 1985, as claimed by Captain Underhill. We are satisfied that Mr. Wilber had no official position and was not a member of the Appraisal Review Board after the 1983 term.

Therefore, we withdraw our previous order of remand in this case, but not our original opinion. We hereby grant the Appellees' Motion for Rehearing and we now affirm, in all things, the granting of the Motion for Summary Judgment in favor of Appellees at the district court level.

AFFIRMED.