Phillip WILLIAMS, Appellant,

v.

Billie Jean CARPENTIER, Independent Executrix of the Estate of Frank John Carpentier, Appellee.

No. 09–88–298–CV.

Court of Appeals of Texas, Beaumont.

March 23, 1989.

As Corrected March 30, 1989.

Phillip Williams, for appellant.

Stephen W. McClain, Conroe, for appellee.

---

## OPINION

BURGESS, Justice.

This is a summary judgment case. Appellant and appellee were sued on a note. Both filed general denials. Appellee later filed a cross-action against appellant claiming she had paid the note and sought contribution for half of the monies paid. Appellant filed a general denial to this cross-action. On April 12, 1988, appellee filed a motion for summary judgment. The trial court signed an order setting the motion for hearing on May 16, 1988. On May 16, appellee filed an amended motion for summary judgment and an order was signed by the court coordinator/administrator setting the hearing for June 6, 1988. On May 20, appellant filed a response to the motion for summary judgment. This response contended appellee had agreed to assume all the liability of the note. On June 15, appellant filed an amended answer asserting the affirmative defense of assumption. On July 27, a judgment was signed (although it bears a file mark of July 14) noting that "On June 6 ... [appellee] submitted a motion for summary judgment...." Appellant appears pro se urging three points of error. We consider point of error number three and find it dispositive.

This point urges error by the trial court in not conducting a hearing. Appellee agrees in his brief that no hearing was held, but the motion was determined "by submission." *TEX.R.CIV.P. 166a* governs summary judgments. Section (c) of the rule specifically calls for a hearing. There are specific deadlines imposed around the hearing date. For example, the motion and any supporting affidavits must be filed twenty-one days prior to the hearing. Any responses must be filed no later than seven days prior to the hearing. When appellee filed her amended motion on May 16, no hearing could be held on that motion until June 7, 1988. *See Williams v. City of Angleton,* 724 S.W.2d 414 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) for an excellent, and we believe, correct analysis of the relationship between *TEX.R.CIV.P. 4* and the time requirements of rule 166a. Thus, if June 6 were to be considered the "hearing" date, appellee was deprived of his full fourteen days to respond. Without a hearing being held on a specified day, there is uncertainty created concerning notice, the appropriateness and/or timeliness of pleadings and responses. Because summary judgment is a harsh remedy, rule 166a must be strictly construed. *Williams,* 724 S.W.2d at 417. For a litigant to be entitled to the benefits of the summary judgment rule, he must have complied with all its terms. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). Appellee admits there was no hearing held on the amended motion for summary judgment. The failure to conduct a hearing on a specified day was error.[1]

We reverse the granting of the summary judgment.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

I would affirm the judgment below for several reasons. Number one, the issues are to be joined by the pleadings, although the pleadings themselves are not considered summary judgment proof. The Appellant had only a general denial on file at the time of the date set for the hearing on the motion for summary judgment. This pleading was insufficient to raise any affirmative defense involving any genuine issue of material fact. In response to Billie Jean Carpentier's motion for summary judgment the Appellant's attorneys filed a response. In this response Appellant at-

---

1. This does not mean the parties could not agree to waive attendance at a full oral hearing once the hearing was set outside the specified time limits. It would be prudent to have this agreement in writing and reflected in the judgment.

tempted to raise for the first time the issues generally described as an assignment of interest plus an assumption of liability. These were affirmative defenses. These matters should have been affirmatively pleaded. *TEX.R.CIV.P. 94. United States Reading Lab, Inc. v. Brockette,* 551 S.W.2d 531 (Tex.Civ.App.—Austin 1977, no writ). Under the proper rules of pleading also, the affirmative defenses, if any, must give fair notice to the opposing party of what the exact affirmative defenses are. *Moulton v. Alamo Ambulance Service, Inc.,* 414 S.W.2d 444 (Tex.1967).

The written instrument itself filed by the Appellant shows that the Moore Tract Joint Venture was the agreeable assignee and not Frank John Carpentier. There exists before us no instrument in writing wherein Frank John Carpentier agreed to pay the debt of another. The assignment of rights and interests was made from Phillip Williams of Montgomery County as the assignor to the Moore Tract Joint Venture as the assignee. The assignment of rights and interests was not made to Frank John Carpentier. Furthermore, there is no agreement in the assignment that the Moore Tract Joint Venture would assume to pay off Phillip Williams' indebtedness and obligations. That same agreement recites that it constitutes the entire agreement between the parties and it may be only modified by an instrument in writing signed by the party to be charged thereon.

Under the written documents proffered by Phillip Williams, it is definitely shown that Frank John Carpentier simply did not assume any obligation or liability to pay off any indebtedness or any other obligation owed by Phillip Williams in connection with the Moore Tract Joint Venture. Even after the appeal was effected, there was a further statement that Appellant has exhibited a quit claim. Well-established law declares that a quit claim instrument conveys no title. Nor was it shown that the quit claim was accepted by Frank John Carpentier.

An affidavit sworn to by Phillip Williams states that by the assignment of rights and interests dated October 3, 1986, Williams assigned all of his interests in the Moore Tract Joint Venture to Frank John Carpentier. The instrument itself clearly shows otherwise. This part of the affidavit is simply incorrect, if not false. Williams keeps insisting that Carpentier agreed to assume and discharge and pay all of the liability that Williams had on the note at the MBank; but Williams has never shown anything in writing to that effect. The mere showing of some sort of existence of a quit claim—not shown in this record to have been properly recorded—does not serve as proof that Carpentier agreed to assume the debt, obligation and liability of another person; namely, Williams. Certainly interesting and crucial it is to note that when Mr. Phillip Williams allegedly wrote to MBank The Woodlands, stating that he was transferring to Carpentier his one-third interest in the Moore Tract Joint Venture; he did not favor Frank John Carpentier with a copy. Nor did he state even in the ex parte letter to the MBank that Carpentier was assuming his liability on the note to the MBank.

Furthermore, in the brief filed by the Appellant certain matters referred therein cannot be located in the record before us. Under this record Mrs. Billie Jean Carpentier has shown that there is no genuine issue as to any material fact and that she as the moving party is entitled to judgment herein as a matter of law on the issues that are set out in the motion or in the response. The only attempted issue that Appellant tried to present to the court was that Carpentier assumed Appellant's indebtedness. He has failed to do this. He has no pleadings to support this contention; the very written evidence that he submitted disproved his defense. *Lee v. McCormick,* 647 S.W.2d 735 (Tex.App.—Beaumont 1983, no writ). My position is that the written documents and proper summary judgment proof proffered and brought forward by Appellant eviscerates and disembowels his own defense. The pleadings serve the purpose of expressly pointing out to the trial judge the material facts and issues said to be in dispute. Pleadings limit the defensive theories. Williams did not, by his answer, plead assumption of his debt by another. He did advance that Carpentier

orally assumed Appellant's debt. But this contention violated the Statute of Frauds.

The majority states, in its opinion, that a hearing on the amended motion for summary judgment could not be held until June 7, 1988, and not June 6, 1988. The majority opinion states that if any earlier date is considered as a possible "hearing" date, including June 6, 1988, the Appellee would be deprived of his full fourteen days to respond. Under *TEX.R.CIV.P. 4*, entitled "Computation", it states that:

> "In computing any period of time ... the day of the act, event or default after which the designated period of time begins to run is not to be included...."

The rule continues on and states that:

> "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday...."

June 6, 1988, did not fall on a weekend nor was it a legal holiday. June 6th was on a Monday in the year of 1988. June 6, 1988, was the 21st day. *TEX.R.CIV.P. 166a(c)* requires only that the motion and any supporting affidavits be filed and served at least 21 days before the time specified for hearing. I interpret this to mean that the hearing could be held on the 21st day after notice was served.

Also the Appellant filed his response four (4) days after the trial court re-set the hearing; no harm is shown to Williams. Therefore, Mrs. Carpentier is entitled to a judgment as a matter of law and the judgment below ought to be affirmed.

The Appellant, it seems to me, did demonstrate that, if there was any promise, it was verbal from Frank John Carpentier to Phillip Williams, which was a promise by one person to answer for the debt, default or miscarriage of another person. That is what is shown by the record; it is shown by the Appellant, the non-movant. Hence, under the Statute of Frauds, *TEX.BUS. & COM. CODE ANN. Sec. 26.01* (Vernon 1987), entitled "Promise or Agreement Must be in Writing," is another grounds upon which this dissent is respectfully filed.

In *Brownlee v. Brownlee*, 665 S.W.2d 111 (Tex.1984), we find at page 112:

> "Michael Brownlee's allegation of modification is clearly an affirmative defense. He admits the existence of the alimony/child support agreement and his failure to make payments thereunder, but he attempts to avoid liability by alleging modification of the agreement. If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–9 (Tex.1979); *Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 381 (Tex.1978); *see generally* Dorsaneo, *Texas Litigation Guide*, sec. 101.05 (1983). Affidavits consisting only of conclusions are insufficient to raise an issue of fact. *Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d at 381. By stating that his contractual obligation had been modified, Michael asserted nothing more than a legal conclusion. His affidavit did not set forth such facts as would be admissible in evidence, as required by Rule 166–A(e), TEX.R.CIV.P. ..."

Furthermore, we have held that, where the Appellant, as here, has proved up an essential part of the case for the other side, we can consider the same; and the Appellant loses his appeal. *See Underhill v. Jefferson County Appraisal Dist.*, 725 S.W.2d 301 (Tex.App.—Beaumont 1987, no writ). In *Underhill*, we held, basically, that the Appellant affirmatively demonstrated that he failed to give proper notice to the proper official, *Underhill* losing because of his own proof. In my opinion, Appellant Williams, likewise, loses his appeal.