**Patty Ann MARTIN and Donald F. Martin, Appellants**

v.

**Donald F. COHEN, D.D.S., Appellee.**

**No. C14–90–0354–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 17, 1991.

Charles E. Soechting, Houston, for appellants.

David S. Lynch, Charles B. Holm, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a summary judgment in favor of appellee in a medical malpractice action. In three points of error, appellants contend that the trial court erred in entering summary judgment. We affirm.

In their first point of error, appellants argue that the trial court erred in granting appellee's motion for summary judgment. This point contains no authority and no argument. It appears to be a general, introductory assertion of error preceding the next two points which do assert specific complaints as to the trial court's ruling. Merely making an unsupported allegation of error without argument or authority constitutes a waiver of appellate review. TEX.R.APP.P. 74(f); *Essex Crane Rental Corp. v. Striland Construction Co., Inc.*, 753 S.W.2d 751, 756 (Tex.App.—Dallas 1988, writ denied). We overrule point of error number one.

In their second point of error, appellants contend that the trial court erred in failing to conduct a hearing on appellee's motion for summary judgment. Appellants rely on a court of appeals opinion which apparently holds that the failure to grant an oral hearing on a motion for summary

judgment is reversible error. *See Williams v. Carpentier*, 767 S.W.2d 953 (Tex.App.—Beaumont 1989, no writ). If appellants' interpretation of the *Williams* case is correct, we disagree with that holding. The *Williams* court appears to us to be more concerned with the computation of the required 21–day notice period under TEX.R.CIV.P. 166a(c). If, however, *Williams* stands for the proposition that an oral, adversarial hearing is mandated by Rule 166a in all cases, we decline to follow it.

▮ Rule 166a(c) refers to summary judgment hearings solely in the context of timetables to provide sufficient notice to the non-movant to respond to the motion and to allow adequate time for the response. Nothing in the rule requires an oral hearing and, if one is held, no oral testimony is allowed at the hearing. TEX. R.CIV.P. 166a(c). "A hearing on a motion for summary judgment is purely one of law." *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied sub nom., Cronen v. City of Galena Park, Texas*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981). The trial court must decide the merits of the motion based on the pleadings, discovery responses, stipulations, and any sworn affidavits. *Id.;* TEX.R.CIV.P. 166a(c). We find no error in the trial court's ruling based solely on written submissions. Point of error number two is overruled.

▮ In their third point of error, appellants argue that the trial court erred in granting the summary judgment because appellee failed to prove as a matter of law that appellants' suit was barred by the statute of limitations. Appellants contend that the summary judgment evidence establishes that appellee was joined as a defendant before the two-year statute ran. We disagree and will briefly review the relevant facts to show why.

Patty Ann Martin was admitted to Methodist Hospital in Houston on August 19, 1984 to have facial and dental surgery. Appellee performed the surgery, an osteotomy, on August 20, 1984 and Mrs. Martin was discharged on August 22, 1984. Following a period of intense pain, Mrs. Martin was diagnosed on August 29, 1984 as having a candida infection at the surgical site in her mouth. Consequently, the osteotomy did not heal completely and appellee performed a second surgery on February 18, 1985. Appellee continued to treat Mrs. Martin until February 1986. Suit was filed by Mrs. Martin, her husband, and her minor daughter against Methodist Hospital on January 3, 1986 alleging the use of non-sterile equipment by hospital nurses caused the infection. Appellee received his first notice letter on November 17, 1986 but was not joined as a defendant until February 25, 1987. The hospital subsequently settled with appellants and took a nonsuit. Summary judgment was entered in appellee's favor on appellants' remaining cause. Appellants argue the entry of summary judgment was error because appellee treated Mrs. Martin through February 1986 and suit was filed about one year later.

▮ The applicable statute requires that a health care liability claim be commenced "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed...." TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1991). If a patient knew or should have known of the negligent treatment, the discovery rule cannot be invoked to circumvent the absolute two-year period of limitations. *Leeds v. Cooley*, 702 S.W.2d 213, 215 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Appellants, however, contend that appellee was timely joined under the continuing treatment doctrine. *See Vinklarek v. Cane*, 691 S.W.2d 108 (Tex.App.—Austin 1985, writ ref'd n.r.e.). The provision of section 10.01 permitting the limitations period to begin following the completion of the health care treatment applies to situations where a "patient's injury occurs during a course of treatment for a particular condition and the only readily ascertainable date is the last day of treatment." *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.

1987). We find no evidence that appellee's subsequent treatment of Mrs. Martin caused her injuries or, even, that appellants alleged any negligent acts or diagnoses at any other time other than August 1984 when Mrs. Martin was hospitalized for her first operation.

Appellants' first amended original petition complained of four specific acts of negligence on the part of appellee. All of the alleged negligent acts occurred on or immediately after August 20, 1984, the date of Mrs. Martin's initial surgery. There are no allegations that any subsequent or continuing treatment by appellee contributed to Mrs. Martin's injuries. The mere fact that appellee treated Mrs. Martin through February of 1986 does not toll the statute of limitations. *Atha v. Polsky*, 667 S.W.2d 307, 311 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

The alleged negligence occurred on August 20, 1984 and in the days immediately following the osteotomy. Mrs. Martin discovered the infection that allegedly resulted from appellee's negligence on August 29, 1984. The statute of limitations, therefore, ran until August 29, 1986 at the latest. Significantly, appellee was deposed within the two-year limitation period on August 18, 1986. Mrs. Martin discovered the presence of the candida infection nine days after the surgery was performed by appellee, sent the statutory notice letter twenty-seven months later, and did not join him as a defendant until almost thirty months had passed since her operation. We hold that the trial court correctly found that appellants' cause was barred by the two-year statute of limitations. *See* TEX. REV.CIV.STAT.ANN. art. 4590i, §§ 4.01(a) & 10.01 (Vernon Supp.1991). Point of error number three is overruled.

Accordingly, we affirm the judgment of the trial court.