OPINION
 

 WILSON, Justice.
 

 Generally, appellant, Lucille Gordon, complains of the lack of appropriate professional conduct of both her lawyers and her doctors. Specifically, she appeals the trial court’s granting of motions for summary judgment on behalf of appellees, her lawyers, who allegedly committed legal malpractice in the pursuit of her underlying medical malpractice claim against her doctors. We affirm in part and reverse and remand in part.
 

 On August 26, 1985, appellee John H. Ward filed the underlying medical malpractice suit on behalf of Gordon. On May 19, 1987, Ward withdrew as Gordon’s attorney. Appellee Cary S. Sternick, who previously had been involved in the case, became Gordon’s attorney of record on or about September 14, 1987. The third appellee, Alan J. Winters, assisted Sternick in representing Gordon.
 

 The defendants in the medical malpractice lawsuit filed a motion for summary judgment, which was granted against Gordon on February 22, 1988. Gordon, represented by Sternick and Winters, appealed the granting of summary judgment, but the appeal was dismissed for failure to timely file a cost bond. Gordon then brought this suit for legal malpractice naming all three attorneys, Ward, Sternick, and Winters, as defendants.
 

 On April 27, 1990, the trial court signed an order granting Ward’s motion for summary judgment in the legal malpractice suit, stating that the cause of action was barred by the statute of limitations. An order granting Sternick’s and Winters’ motion for summary judgment was also signed the same day, but the order did not state specific reasons for the court’s action.
 

 In their motion for summary judgment, Sternick and Winters argued that Ward was responsible for filing the original petition late, and that Gordon (through Ward) failed to timely file the supporting expert affidavits) necessary to controvert the doctor’s summary judgment proof. Sternick and Winters also claimed in their motion for summary judgment in the legal malpractice action that even though they filed the appeal bond late, that act was not a proximate cause of any damages sustained by Gordon, because she would not have been successful on appeal in any event.
 

 In points of error one through four, Gordon complains the trial court erred in granting summary judgment in favor of appellees. Her principal argument under these points is that the trial court failed to hold a hearing on the motions for summary judgment.
 

 Gordon received two notices of submission for the summary judgments, one regarding the Ward motion, and the other regarding the Sternick-Winters motion. These notices stated that on April 23, 1990, the motions for summary judgment would be presented to the trial court for ruling, without the necessity of an oral hearing unless Gordon requested one. Gordon did not request an oral hearing on the Ster-nick-Winters motion, but did object to the lack of an oral hearing regarding the Ward motion.
 

 Gordon argues that holding a hearing on a summary judgment is an essential element of a movant’s proof, which a respondent can challenge on appeal without regard to whether a specific objection was made in the trial court. We disagree. Gordon waived any complaint about the lack of oral hearing on the Sternick-Win-ters motion. Tex.R.App.P. 52(a). Because
 
 *92
 
 Gordon’s complaint does not present a jurisdictional question, it may not be raised for the first time on appeal.
 
 Pirtle v. Gregory,
 
 629 S.W.2d 919, 920 (Tex.1982);
 
 Delta (Delaware) Petroleum & Energy Corp. v. Houston Fishing Tools Co.,
 
 670 S.W.2d 295, 296 (Tex.App.—Houston [1st Dist.] 1983, no writ);
 
 see also Davis v. Davis
 
 734 S.W.2d 707 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.).
 

 Gordon timely objected to the trial court’s failure to hold an oral hearing on Ward’s motion, thus preserving these points of error for review. We therefore confine our analysis to points of error pertaining to the Ward motion, in which Gordon contends Tex.R.Civ.P. 166a requires an oral hearing before summary judgment is granted. The rule provides in part:
 

 Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response....
 

 Tex.R.Civ.P. 166a(c).
 

 The question we must answer is whether, upon timely objection or request, a trial court must hold an oral hearing on a motion for summary judgment.
 

 Gordon relies on
 
 Williams v. Carpentier,
 
 767 S.W.2d 953 (Tex.App.—Beaumont 1989, no writ). Gordon reads
 
 Williams
 
 to hold that the granting of an oral hearing in a summary judgment procedure is mandatory. The
 
 Williams
 
 holding, was cited to our sister court for the same purpose in
 
 Martin v. Cohen,
 
 804 S.W.2d 201 (Tex.App.—Houston [14th Dist.] 1991, no writ), and its application to a similar set of facts there was rejected. We agree with the
 
 Martin
 
 court’s analysis of
 
 Williams,
 
 and join in saying that, “if
 
 Williams
 
 stands for the proposition that an oral, adversarial hearing is mandated by Rule 166a in all cases, we decline to follow it.”
 
 Id.
 
 804 S.W.2d at 203.
 

 We recognize the factual distinction that exists between
 
 Martin
 
 and the case before us. In
 
 Martin,
 
 the court made no mention of any request for an oral hearing, whereas we find such a request was made in this case if only by objection. We follow
 
 Martin
 
 in its rejection of the apparent holding in
 
 Williams,
 
 and for the proposition that the summary judgment rule does not mandate an oral hearing in all cases.
 
 Id.
 

 An oral hearing under the summary judgment rule is little more than argument of counsel. The rule specifically provides that oral testimony is not to be taken, and any appeal taken upon a summary judgment is strictly based upon the written documents on file.
 
 Martin,
 
 804 S.W.2d at 203. In this regard, we take judicial notice of the local rules of Harris County, as approved by the Supreme Court of Texas under its mandate in Tex.R.Civ.P. 3a. Under the local rules in effect at the time of this hearing, oral hearings were to be granted based on the trial judge’s discretion. HARRIS County Dist.Ct.R. 3.3.1 to 3.3.4. We also note that the practice of considering motions by submission is approved by the rules of judicial administration. Rule 7 provides:
 

 A district or statutory county county judge shall:
 

 [[Image here]]
 

 (4) utilize to the extent consistent with safeguarding the rights of litigants to the just processing of their causes, methods to expedite the disposition of cases on the docket of the court, including
 

 [[Image here]]
 

 (b) the use of telephonic or mail in lieu of personal appearances by attorneys
 
 for motions
 
 hearings_
 

 Rules of JudAdmin. 7(a)(4)(b).
 

 The supreme court likewise adheres to the concept that motions may be disposed of by submission. In
 
 Gulf Coast Investment Corp. v. NASA I Business Center,
 
 754 S.W.2d 152, 153 (Tex.1988), the court stated: “[u]nless required by the express language or the context of the particular rule ... the term ‘hearing’ does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court.”
 

 
 *93
 
 Applying the holding in
 
 Gulf Coast,
 
 we cannot say that the word “hearing,” as used in rule 166a, requires an oral hearing. Accordingly, we conclude the trial court did not err when it considered the Ward motion by submission only.
 

 Points of error one through four are overruled.
 

 In point of error five, Gordon contends the trial court erred in granting Ward’s motion for summary judgment, because Ward failed to establish as a matter of law that Gordon’s cause of action was barred by limitations. Ward was required to conclusively establish the bar of limitations.
 
 Zale Corp. v. Rosenbaum,
 
 520 S.W.2d 889, 891 (Tex.1975). He had to prove when the cause of action accrued and had to negate the discovery rule by proving as a matter law that there is no genuine issue of fact about when Gordon discovered or should have discovered the nature of her injury.
 
 Burns v. Thomas,
 
 786 S.W.2d 266, 267 (Tex.1990);
 
 Woods v. William M. Mercer, Inc.,
 
 769 S.W.2d 515, 518 (Tex.1988).
 

 In
 
 Willis v. Maverick,
 
 760 S.W.2d 642, 644 (Tex.1988), the supreme court applied the “discovery rule” and held that “the statute of limitation for legal malpractice actions does not begin to run until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of his cause of action.”
 
 Id.
 
 at 646. Therefore, the critical inquiry is: When did Gordon discover or should she have discovered that Ward’s actions injured her?
 

 Ward, in his motion for summary judgment, argued that the statute began running on November 10, 1987. This was the date Gordon signed an affidavit in response to the doctors’ motion for summary judgment, in which they asserted the statute of limitations had run. He argued that the statute of limitations ran on November 10, 1989, two years later, and therefore he contends that Gordon’s filing of the legal malpractice lawsuit against him on February 20, 1990 was untimely. Ward’s affidavit stated that in his
 
 expert
 
 opinion as an attorney, Gordon discovered or should have discovered that her claim against him was barred on November 10, 1989. The affidavit attempts to hold Gordon chargeable, as a matter of law, with the legal significance of documents filed in the medical malpractice case, without stating
 
 facts
 
 regarding specifically how and when she knew of the motion, much less why or when Gordon understood its significance. Ward’s sole factual reference is to the date Gordon signed the affidavit responding to the motion for summary judgment in the medical malpractice action.
 

 Gordon contends she did not discover, or have reason to discover, that she had a claim against Ward until February 22, 1988, the day the trial court granted summary judgment against her in the medical malpractice suit. Gordon argues that in order for her to know she was injured, or to be aware of facts that established that she was injured, she had to know that her action was barred by limitations. She contends that since she had no legal experience, she was not qualified to draw legal conclusions through the examination of the documents filed by the defendants in the medical malpractice case, namely, that her claim was barred by limitations. Therefore, she concludes that it was not until the trial court ruled on the motion for summary judgment that she discovered the elements establishing a legal malpractice cause against Ward, namely, that she was injured by his actions.
 

 In his evidence, Ward attempted to establish by his own expert opinion when Gordon discovered or should have discovered the nature of her injury. The court in
 
 Willis,
 
 however, chronicles the unrealistic nature of an expectation that a layman client would have sufficient legal acumen to perceive when she has been injured by an act of her attorney during the course of his representation of her.
 
 See Willis,
 
 760 S.W.2d at 645.
 

 Ward’s affidavit, does not establish as a matter of law that Gordon knew, or should have known, her claim against him for legal malpractice accrued on November 10, 1989. This is particularly so in this case when the affidavit establishes the principles of applicable law, and the warning of
 
 *94
 
 impending harm apparent from the face of the summary judgment motion in the medical malpractice case, but does not establish by facts how Gordon discovered, or should have discovered, the significance and/or her understanding of the facts before her when she signed the affidavit in response. To that end, Ward’s affidavit is either silent or merely conclusory.
 
 [2]
 

 A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.
 
 Swilley v. Hughes,
 
 488 S.W.2d 64, 67 (Tex.1972); Tex.R.Civ.P. 166a(c). Further, when a plaintiff pleads diligence in discovering her cause of action, the limitations defense is not conclusively established until the movant for summary judgment meets his burden of negating the applicability of this issue.
 
 Zale Corp.,
 
 520 S.W.2d at 891;
 
 Burns,
 
 786 S.W.2d at 267.
 

 In her original petition, Gordon stated that “she did not know, and through the exercise of reasonable diligence could not have discovered, that her medical malpractice cause of action was barred by limitations, until February 22, 1988 ... when the trial court granted the doctors’ motion for summary judgment.” We are bound to take this assertion as true when considering Ward’s motion for summary judgment. Further, Ward did not prove as a matter of law when Gordon should have discovered the nature of her injury, nor did he negate her pleading of diligence. Therefore, he failed to establish as a matter of law that Gordon’s legal malpractice lawsuit against him was barred by limitations.
 

 Point of error five is sustained.
 

 As we have decided that Ward did not overcome his burden of proof and thereby sustain point of error five, it is unnecessary to consider point of error six, where Gordon argues that her affidavit in response to Ward’s motion for summary judgment created a fact issue.
 

 In points of error seven, eight, and nine, Gordon contends that the trial court erred in granting the Sternick-Ward motion for summary judgment. Because the legal malpractice claim against Sternick and Winters was based on their failure to timely file the appeal bond, they claimed in their motion for summary judgment in the legal malpractice case that she would not have prevailed on appeal, and therefore, their negligence, if any, was not the proximate cause of her injuries. In these three points of error, Gordon claims that they did not prove the lack of proximate cause as a matter of law, and therefore, the court erred in granting their motion.
 

 However, Gordon concedes that the order granting the defendants’ (Dr. Pitts, Dr. Baum, and Eye Associates) motion for summary judgment in the medical malpractice action was correct as to Dr. Pitts and Dr. Baum.
 
 [3]
 
 Thus, she is conceding she would have lost the appeal of the medical malpractice case as to Dr. Pitts and Dr. Baum, even if it the appeal bond had been filed timely. Gordon asserts that while the summary judgment in the medical malpractice action was correct as to Dr. Pitts and Dr. Baum, it was incorrect as to Eye Associates.
 

 In Gordon’s original petition in the case against the doctors and their association, she made no specific allegations of negligence against Eye Associates. In the motion for summary judgment in the medical malpractice cause, Eye Associates asserted that it had no liability independent of the possible liability of the two doctors. Rather, Eye Associates asserted that the only liability that could be found against Eye Associates was derivative liability based on the alleged negligence of Dr. Pitts and Dr.
 
 *95
 
 Baum. In her response to the motion for summary judgment filed by Dr. Pitts, Dr. Baum, and Eye Associates, Gordon offered no evidence or argument contesting Eye Associates’ assertion that it was responsible only to the extent that derivative liability could be established. Gordon’s only mention of Eye Associates in her affidavit filed in support of her response to the motion for summary judgment in the medical malpractice action, was that Eye Associates made the appointments for her to see Dr. Pitts and Dr. Baum. Further, she did not state facts in her response or in her affidavit of any independent negligent acts by Eye Associates.
 

 Because Gordon concedes there is no liability on the parts of Dr. Pitts and Dr. Baum, and because she did not contest Eye Associates’ theory of derivative liability, summary judgment for Eye Associates was also correct. Therefore, because Gordon would not have been successful in her appeal from the trial court’s order granting the doctors’ and Eye Associates’ motion for summary judgment in the medical malpractice action, the failure of Sternick and Winters to timely file Gordon’s appeal bond could not be the proximate cause of her injuries.
 

 Points of error seven, eight, and nine are overruled.
 

 Because point of error five is sustained, the summary judgment in favor of Ward is reversed, he is severed from the cause of action, and the cause against him is remanded. All other points of error are overruled, and the summary judgment in favor of Sternick and Winters is affirmed.
 

 [2]
 

 . For a general review of the appropriate standards relative to reviewing affidavits, see
 
 Anderson v. Snider,
 
 808 S.W.2d 54, 55 (Tex.1991).
 

 [3]
 

 . Gordon states in her response to the Sternick-Winters motion for summary judgment and in her brief that the summary judgment was correct as to Dr. Baum, because statute of limitations barred the cause of action against Dr. Baum. She also stated that summary judgment was correct as to Dr. Pitts, because Dr. Spector’s affidavit, the affidavit of her own expert, did not provide evidence of any negligence on the part of Dr. Pitts.