Judith A. BIRDWELL, Appellant,

v.

TEXINS CREDIT UNION, Appellee.

No. 6–92–061–CV.

Court of Appeals of Texas,
Texarkana.

Dec. 8, 1992.

Byrd L. Bonner, San Antonio, for appellant.

Angelo Parrish, Parrish & Parrish, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Judith A. Birdwell appeals from a summary judgment granted to Texins Credit Union in the amount of $13,768.66, plus interest and court costs.

Birdwell contends that the trial court erred in granting summary judgment (1) because the motion for summary judgment was not specific enough to support the relief granted, (2) because the record does not reflect that Birdwell received sufficient notice of the summary judgment hearing, and (3) because the affidavits supporting the motion for summary judgment were insufficient and defective. Birdwell also contends that the judgment should alternatively be reformed to delete the award of attorney's fees, because Texins failed to prove a demand and refusal to pay on a claim for which attorney's fees can be awarded.

Birdwell first contends that Texins' motion for summary judgment was not specific enough to support the relief granted. Texins' motion is very general; it asks for summary judgment for "all relief demanded in Plaintiff's Original Petition, on the ground ... that Plaintiff is entitled to a judgment as a matter of law." It further states that the pleadings and affidavits show that there is no genuine issue as to any material fact and that Birdwell's answer raises no issue of fact. The motion also states that the pleadings and affidavits show that the cause of action is based on an "Open–End Credit Plan Agreement executed and delivered by Defendant."

Birdwell correctly points out that the motion itself does not address any amount due, attorney's fees, interest, or costs of court, nor does it request any of these. Additionally, the motion only presents a ground for summary judgment by reference to the pleadings. In the judgment, however, the trial court awarded Texins $7,487.13 in principal, prejudgment interest of $2,495.71, and ordered Birdwell to pay postjudgment interest at ten percent annual percentage rate and all costs of court. Birdwell complains that the motion was not specific enough to support the relief granted.

■ Rule 166a(c) of the Texas Rules of Civil Procedure requires, in part, that: "The motion for summary judgment shall state the specific grounds therefor." In *Life Ins. Co. of North America v. Klingler,* 730 S.W.2d 32, 35 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.), the court said that a general mention of the Insur-

ance Code was not enough and that the motion should point to a specific section. In *Moody v. Temple National Bank*, 545 S.W.2d 289, 290 (Tex.Civ.App.—Austin 1977, no writ), the court stated that, when a motion for summary judgment merely states that there is no genuine issue of material fact and that the pleadings and interrogatories show this, the motion should be overruled because it does not state a specific ground for relief. Texins' motion is very similar to the one the court examined in *Moody* and, as such, it is not sufficient under Rule 166a(c), unless it falls under the one exception in which a motion so worded has been deemed acceptable, i.e. unless it is a suit on account.

When a suit meets the requirements of Rule 185 of the Texas Rules of Civil Procedure for a suit on account and the defendant's answer does not meet the requirements in that rule, the plaintiff's motion for summary judgment need only state that the defendant's answer does not raise any issue of material fact. *Bado Equipment Co. v. Ryder Truck Lines*, 612 S.W.2d 81, 83 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Wilson v. Browning Arms Co.*, 501 S.W.2d 705 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd).

In the present case, the "Open–End Credit Plan Agreement" could be the basis of a suit on account if Texins had properly presented its pleadings. There is no evidence in the record, however, that Texins satisfied this burden. Rule 185 requires that in order to pursue a cause of action as a suit on account, the plaintiff must support his pleading with "the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed." If the petition is so supported, it acts as prima facie proof of the truth of its allegations, and the defendant may only avoid summary judgment if his or her denial is written, under oath, and more than just a general denial.

Here, although Birdwell's answer is best described as a general denial and was not given under oath, her failure to file a sworn denial is irrelevant because Texins itself failed to satisfy Rule 185. Texins' pleading alleges the creation of the credit agreement, the usage of the line of credit, a demand for payment, and a refusal on the part of Birdwell to make payment. The only attachments to the pleading were the documents containing the agreement and an "Open–End Loan Advance Request Voucher and Security Agreement," indicating a present balance as of April 30, 1987, requesting a new loan, and signed by Birdwell. Neither of these documents are sworn to or notarized, nor would they fulfill the conditions of Rule 185 even if they were.

Attached to Texins' motion for summary judgment are documents which would have fulfilled the requirements of Rule 185 if they had been attached to the petition rather than to the motion. The attachments to Texins' motion cannot be deemed to fulfill retroactively the requirements of Rule 185 without unfairness to Birdwell. The difference is clear: In order for a general motion, such as in this case, to be sufficient, the defendant must have failed to follow the dictates of Rule 185. However, where the plaintiff fails to satisfy Rule 185, the defendant has no obligation to do so. While we can conclude that Texins Credit Union was not entitled to a summary judgment based upon the status of the pleadings, we must also determine if Birdwell is entitled to a summary judgment based upon the motion itself.

Texins' motion for summary judgment was not in proper form and did not comply with Rule 166a. The motion relies primarily on the plaintiff's original petition to show the ground of the relief sought. A defect consisting of the fact that the motion for summary judgment failed to specify grounds for such judgment is a defect of form which is waived by the failure to except to such defect prior to the rendition of the judgment. *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771 (Tex.1978); *see also Roberts v. Southwest Texas Meth-*

*odist Hospital,* 811 S.W.2d 141 (Tex.App.—San Antonio 1991, writ denied); *Jones v. McSpedden,* 560 S.W.2d 177 (Tex.Civ.App.—Dallas 1977, no writ). A defendant waives the right to complain of form defects of a plaintiff's summary judgment proof by failing to except to the plaintiff's motion for summary judgment. *Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378 (Tex.1978). Birdwell's failure to complain about the form of the motion for summary judgment constitutes a waiver, and she cannot complain about those defects in form for the first time on appeal.

Birdwell next contends that the trial court erred in granting summary judgment because the record does not affirmatively reflect that Birdwell was given proper and timely notice of the hearing. The motion for summary judgment was filed on May 23, 1991. The motion included an order for the judge to sign setting June 21, 1991, as the date for the hearing. The motion also contains a certificate of service signed by Angelo Parrish, Texins' attorney, and indicating that Birdwell was sent a copy of the motion by certified mail on May 15. On May 28, the county clerk received a letter from Parrish confirming that the date of the hearing had been changed to June 20, and at the bottom of that letter, Parrish indicates that a copy had been sent to Birdwell by registered mail and first class delivery.

█ The hearing was apparently not held on June 20, and on August 5, 1991, the clerk received another letter from Parrish stating that the hearing had been reset for August 9, 1991. This letter also contains a notation stating that Birdwell was sent a copy by registered mail and by first class delivery. Birdwell contends that the above facts from the record do not establish proper notice. Proper notice of a summary judgment proceeding is itself a prerequisite

to summary judgment. *Rozsa v. Jenkinson,* 754 S.W.2d 507, 509 (Tex.App.—San Antonio 1988, no writ); *Gulf Refining Company v. A.F.G. Management 34 Ltd.,* 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

█ Rule 21(a) of the Rules of Civil Procedure provides that a written statement by an attorney of record showing service of a notice shall be prima facie evidence of the fact of service. In the present case, the notice of the resetting did not have a certification signed separately at the bottom of the letter by the attorney, but rather a letter to the clerk signed by the attorney of record and indicating a copy of the letter had been sent to Judith A. Birdwell at her address by certified mail and stating the certified mail number assigned to that delivery.[1]

█ Birdwell complains first that the notice could not have been timely under Rule 166a of the Texas Rules of Civil Procedure. Rule 166a, which controls summary judgments, requires that the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Birdwell can be presumed to have received notice of the first setting of the hearing because the motion for summary judgment contains a certificate of service. *See Costello v. Johnson,* 680 S.W.2d 529 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Birdwell contends, however, that the notice regarding the resetting violated the twenty-one day requirement. The clerk received the letter of confirmation for the August 9 hearing on August 5, and the letter is dated July 30. Birdwell calls into question the date of July 30 because that means that it took six days for the letter to go from one place in Houston to another. Birdwell contends that whether she is deemed to have received notice on either

---

1. The letter of May 23, 1991, contained the following at the end of the letter:

cc: Ms. Judith A. Birdwell

20107 Lion's Gate Dr.

CM–RRR P 337 037 043
and
First Class Delivery

The letter of July 30, 1991, contained the same information except the Certified Mail number

was shown to be P 337 037 547. Although this is not the standard certification, this is substan-

August 5, the day the clerk got the confirmation letter, or August 2, under the mailbox rule, neither date is sufficient under the twenty-one-day requirement of Rule 166a.

■ The twenty-one-day requirement from notice to hearing does not apply to a resetting of the hearing, provided the nonmovant received notice twenty-one days before the original hearing. In *Brown v. Capital Bank, N.A.*, 703 S.W.2d 231, 233 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.), the court said that the nonmovant had no cause to complain that he received notice on April 5 of a hearing on April 8, when he had notice of the first hearing more than twenty-one days before the date on which it was set. The reasoning behind this rule is to give the nonmovant sufficient time to prepare and file a response for the original setting. *Id.* Additionally supporting this position is Rule 21 of the Texas Rules of Civil Procedure which states that a non-moving party should be given notice not less than three days before a hearing on a motion not covered by a more specific rule. The failure of the trial court to reset the hearing for twenty-one days after Birdwell received notice was not error.

In *International Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824, 825 (Tex.App.—Fort Worth 1983, no writ), the court said: "After a party has been served with notice of a motion for summary judgment in one term of court the motion may be heard at the later term without service of another notice. All that is required is reasonable notice of the hearing thereon." *Citing Thurman v. Fatheree*, 325 S.W.2d 183 (Tex.Civ.App.—San Antonio 1959, writ dism'd). Reasonable notice in *International* was defined as at least seven days before the hearing. The court derived this deadline from the language in Rule 166a(c) which says that the nonmovant may file a written response not later than seven days prior to the date of the hearing. *International Ins. Co.*, 649 S.W.2d 824; *see also,*

*Nickerson v. E.I.L. Instruments, Inc.*, 817 S.W.2d 834 (Tex.App.—Houston [1st Dist.] 1991, no writ). Under the mailbox rule, Birdwell received the notice seven days before the hearing. Since Birdwell introduced no evidence to the contrary, the mailbox rule will apply. This point of error is overruled.

■ Birdwell contends that the judgment of the trial court should be reversed because of the insufficiency and defectiveness of the affidavits used by Texins to support its motion for summary judgment. The central question here is whether the two attached affidavits by Wyndell M. Ferrell are insufficient support for the motion for summary judgment because they contradict each other in regard to amounts due, and because they do not have attached all the documents to which they refer. Birdwell additionally contends that these two affidavits are insufficient because they contain too many legal conclusions and not enough facts.

The sole variance in the two affidavits of which Birdwell complains is the difference in dollar amounts alleged due in each document. In the August 21, 1990, affidavit, which Birdwell mistakenly refers to as the August 1991 affidavit, the amount alleged due is $6,705.86. The May 2, 1991, affidavit alleges that Birdwell owes $7,487.13. The time interval between the two dates is about eight months, during which time annual interest on the account was twelve percent, compounded daily. The accrued interest in the account could account for the difference in the amounts alleged due in the two affidavits.

The August 1990 affidavit by Ferrell is missing an attachment. It refers to there being "4 pages of records" attached, but only three are in the record. It is difficult to tell whether this absence is significant, because the affidavit does not reveal what is in each of the attachments. The documents establish the existence of the account, show the collateral, explain the terms, and show a balance of $8,191.19 on

tial compliance with the rule and creates a presumption that the required notice was served, in

absence of evidence to the contrary.

April 30, 1987. What is missing is a statement showing why Birdwell owes $6,705.86. The record does not indicate how Texins arrived at this figure. The affidavit of Ferrell, however, specifically claims that she did owe that amount on August 21, 1990, and his May 2, 1991, affidavit indicates $7,487.13 as the amount owed on the account. The affidavits are sufficient proof of the amount owed. The affidavits contain information about Ferrell's position at the bank, his access to the documents regarding the account, the existence of the account, the interest charged, the amount due, and the failure of Birdwell to pay the money owed. All of these statements are supported in the attached documents except for the amount due and Birdwell's failure to pay. One of the documents shows a balance of $8,191.19 on April 30, 1987, but there is no explanation in the record of how the balance was reduced to the $7,487.13 claimed in the May 2 affidavit. Birdwell cannot now complain of this reduction, which benefits her, because, as previously stated, defects in form should have been pointed out to the trial court. All of the complaints about the form of the summary judgment proof should have been raised by special exception in the court below. This point of error is overruled.

Birdwell further contends that the judgment should be reformed to delete the award of attorney's fees, because Texins has failed to prove a demand and refusal to pay on a claim for which attorney's fees are available. Texins also failed to request attorney's fees in its motion for summary judgment.

Birdwell points back to her arguments regarding specificity of claims in a motion for summary judgment and suggests that this discussion means that the attorney's fees must themselves be specifically asked for in a summary judgment motion in order to be awarded. Again, we agree that Texins used improper form by adopting its pleadings by reference. The plaintiff's original petition asked for reasonable attorney's fees in the amount of $2,495.71. As previously discussed, this was a matter of form which was not objected to on the trial level.

Birdwell also contends that the affidavit of Texins' attorney, Angelo Parrish, is deficient because, although it states that a demand was made pursuant to TEX.CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986),[2] no date is given for the demand and no statement is made regarding the thirty days which must elapse between such demand and the entry of judgment under TEX.CIV.PRAC. & REM.CODE ANN. § 38.002 (Vernon 1986). The affidavit does, however, allege that after attempts to collect failed, a demand letter was sent and not responded to, and then this suit was prepared and filed. The prerequisites set out by this section require that the claimant present a claim to the opposing party and that if the amount is not paid before the expiration of thirty days after the presentment, then if the claimant prevails, the claimant is entitled to recover attorney's fees. The only requirement is that presentment of the claim must be made at least thirty days before the trial, even if made after the suit is filed. *Peissel v. Peissel*, 620 S.W.2d 796 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). In the present case, since more than thirty days elapsed from the time of filing suit until the judgment, the requirements under Article 38.-002 have been met. This point of error is overruled.

The judgment of the trial court is affirmed.

---

2. TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986) provides for attorney's fees for a number of different type claims, including a sworn account and written contract. It is actually TEX. CIV.PRAC. & REM.CODE ANN. § 38.002 (Vernon 1986) that requires the thirty-day notice.