**William R. COURTNEY and Sharon Courtney, Appellants,**

v.

**David GELBER, M.D., Appellee.**

No. 01–94–00976–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 20, 1995.

Les Cochran, Houston, for appellants.

John C. Marshall, Todd J. Broussard, Matthew McCracken, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DRAUGHN [1] and HILL [2], JJ.

### OPINION

HILL, Justice (Assigned).

William R. Courtney and Sharon Courtney appeal from a summary judgment that they take nothing in their medical malpractice action against David Gelber, M.D. They contend in two points of error that the trial court erred in granting Dr. Gelber's motion for summary judgment without giving notice that the motion was being considered by the

---

[1]. The Honorable Joe Draughn, former Justice, Court of Appeals, 14th District of Texas at Houston sitting by assignment.

[2]. The Honorable John G. Hill, former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

court for a dispositive ruling, and that the trial court erred in granting summary judgment for defendant because the response filed by plaintiff, at the invitation of the court at the hearing on plaintiff's motion for new trial, created a fact issue precluding summary judgment.

We reverse and remand for further proceedings consistent with this opinion, because the trial court did not proceed as contemplated by rule 166a(c) of the Texas Rules of Civil Procedure when it granted Dr. Gelber's motion for summary judgment without a hearing or submission date, and prior to the time that the Courtneys' response was due to be filed under the rule.

On November 29, 1993, Dr. Gelber filed a motion for summary judgment, giving notice of hearing on December 20, 1993. On December 6, 1993, before the Courtneys' response was due, the hearing date was passed by agreement of the parties. On June 3, 1994, the trial court, without any notice to either party of a subsequent hearing or submission date, granted Dr. Gelber's motion for summary judgment.

The Courtneys contend in point of error number one that the trial court erred in granting Dr. Gelber's motion for summary judgment without giving notice to them that the motion was being considered by the court for a dispositive ruling. They urge that the trial court's action violated the provisions of rule 166a(c) of the Texas Rules of Civil Procedure, and that it was a violation of their due process rights under the provisions of article I, secs. 13 and 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

Rule 166a(c) of the Texas Rules of Civil Procedure provides that, "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." Before the deadline for the filing of the Courtneys' response had been reached, the summary judgment hearing date was passed by agreement. Consequently, no due date for the Courtneys' response has ever expired. By the time such a date would have been reached with respect to the initial hearing date, the hearing had been passed by agreement, never to be reset. Accordingly, the Courtneys' response was not due at the time the trial court made its ruling on Dr. Gelber's motion for summary judgment. The rule contemplates the setting of a hearing or submission date so that the Courtneys might determine when their response to the motion is due. In this case the trial court did not afford the Courtneys a hearing or submission date; therefore, their response was not yet due when the trial court granted Dr. Gelber's motion for summary judgment.

Dr. Gelber relies on the case of *Brown v. Capital Bank, N.A.*, 703 S.W.2d 231 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.), as authority for his position that the trial court had the authority to consider his motion for summary judgment without a new hearing date being set on his motion, and without further notice to the Courtneys. We find that case to be distinguishable in two ways. First, in that case the trial court set a hearing date on more than one occasion, including the final occasion in which the trial court granted the summary judgment. *Id.* at 233. Also, in that case the time for filing a response had expired with respect to two of the three hearing dates on which the motion had been set. *Id. Brown* does not support Dr. Gelber's argument that the trial court has the authority to rule on a motion for summary judgment without setting a hearing or submission date, or that the Courtneys' response had become due prior to the time that the trial court ruled on Dr. Gelber's motion.

In his argument under point of error number two, Dr. Gelber relies on several cases in support of his argument that the trial court's ruling on his motion for summary judgment in this manner was proper. Those cases are *Birdwell v. Texins Credit Union*, 843 S.W.2d 246 (Tex.App.—Texarkana 1992, no writ); *Gordon v. Ward*, 822 S.W.2d 90 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Owen Elec. Supply, Inc. v. Brite Day Const. Inc.*, 821 S.W.2d 283 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Martin v. Cohen*, 804 S.W.2d 201 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Finkelstein v. Southampton Civic Club*, 675 S.W.2d 271 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); and *International Ins. Co. v. Her-*

*man G. West, Inc.,* 649 S.W.2d 824 (Tex. App.—Fort Worth 1983, no writ).

We have examined all of these cases and find that none of them involved a trial court ruling on a motion for summary judgment without any notice of a hearing or submission date for the motion. Consequently, we find those cases to be distinguishable on that basis. In *International Insurance Company,* the Court reversed a summary judgment because the non-movant had not received at least seven days notice of the hearing on the motion. 649 S.W.2d at 826. As in this case, the original hearing date for the motion for summary judgment had been passed. *Id.* at 825. This court reversed a summary judgment for the same reason, under similar circumstances, in *Nickerson v. E.I.L. Instruments, Inc.,* 817 S.W.2d 834 (Tex.App.—Houston [1st Dist.] 1991, no writ). It follows that if a summary judgment must be reversed because the non-movant did not receive sufficient notice of a subsequent hearing date on the motion so as to know when its response was due, a summary judgment must also be reversed for the same reason when no hearing or submission date is set at all.

Dr. Gelber argues that the Courtneys had more than adequate time from the time they received the initial notice of a hearing on his motion for summary judgment in which to file a response, that they had the evidence for a response in hand prior to the date the trial court ruled on the motion, and that the Courtneys could have, but did not, file a motion asking the trial court to postpone consideration of Dr. Gelber's motion for summary judgment. Even if all of Dr. Gelber's assertions are true, none of them justify the action of the trial court in ruling on the motion for summary judgment without setting a hearing or submission date. We sustain point of error number one. In view of our determination of this point of error, we need not determine point of error number two.

We reverse and remand for further proceedings consistent with this opinion.