COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



LIZETH HERNANDEZ (F/K/A
LIZETH CARO),

                           Appellant,

v.

ARTURO N. DE LA ROSA, 

                           Appellee.

§

§

§

§

§

§

No. 08-04-00022-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC# 2002-2028)



O P I N I O N
           This is an appeal from a summary judgment granted in favor of Appellee in a lawsuit
filed by Appellant related to injuries that she incurred in a traffic accident. The trial court
originally granted summary judgment in favor of Appellee without specifying the grounds. 
Appellant appeals in two issues challenging the court’s granting of the summary judgment. 
For the reasons stated, we affirm.
I. FACTUAL AND PROCEDURAL HISTORY
           On May 23, 2002, Appellant filed a lawsuit against Appellee for personal injuries
arising out of an automobile collision that occurred on March 19, 2001. Appellant was
involved in a collision with an automobile driven by Appellee’s son, David De La Rosa. 
Appellee, Arturo N. De La Rosa, is divorced from David’s mother, Rosa Elena De La Rosa.
Appellant did not sue David De La Rosa individually, nor did she sue Rosa Elena De La
Rosa. David resides with his mother.
           Appellant filed her original petition, suing Arturo, and attempting to impute the
negligence of David to his father under the theory that Arturo was the owner and insured
driver listed on the vehicle which David De La Rosa was driving at the time of the collision. 
Appellee filed two motions for summary judgment on traditional grounds and as a “no-evidence” motion. Arturo De La Rosa contended that Appellant had sued him as the owner
of the vehicle involved in the collision and while alleging negligent acts and omissions of
David De La Rosa, had not sued him as a party. Arturo De La Rosa contends that he is not
the owner of the vehicle involved in the collision and that the statute of limitations has run,
preventing the filing of any lawsuit against David De La Rosa.
           He also alleged that there was no evidence that David De La Rosa was an unlicensed,
incompetent, or reckless driver on March 19, 2001, negating one of the elements of liability
under a theory of negligent entrustment.
           In support of his motion, Arturo De La Rosa, filed three affidavits which established
that the automobile involved in the collision with Appellant was a 1993 Ford Mustang that
was owned by Rosa Elena De La Rosa, was awarded to Rosa Elena De La Rosa as her
separate property during the divorce of the De La Rosas, and was under the custody and
control of Rosa Elena De La Rosa. Appellant filed no objections to the summary judgment
evidence.
           Appellant filed a first amended petition on September 26, 2003 which, in addition to
the previous allegations of imputed negligence, alleged negligent entrustment of the vehicle
in question by Arturo De La Rosa. Also on September 26, 2003, Appellant filed her response
to the motion for summary judgment. Included as an exhibit to the response is a copy of the
final decree of divorce between Arturo and Rosa De La Rosa.
           The trial court granted Appellee’s motion for summary judgment on November 3,
2003 without specifying the grounds. This appeal follows.
II. DISCUSSION
           In Issue No. One, Appellant argues that the trial court erred in granting the summary
judgment “where Appellant showed by more than a scintilla of evidence that the insured was
the owner of the vehicle in question.” We read this as a legal and factual sufficiency of the
evidence challenge. Issue No. Two attacks the trial court’s granting of the summary
judgment because “Appellee filed no summary judgment evidence showing that David De
La Rosa, was not [sic] unlicensed, incompetent or reckless driver.”A. Summary Judgment Standard of Review
           Both issues complain that the court erred in granting Appellee’s motion for summary
judgment. The standard of review on appeal is whether the successful movant at the trial
level carried its burden of showing that there is no genuine issue of material fact and that a
judgment should be granted as a matter of law. See Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.
1985); Cortez v. Liberty Mut. Fire Ins. Co., 885 S.W.2d 466, 469 (Tex. App.--El Paso 1994,
writ denied). Thus, the question on appeal is not whether the summary judgment proof raises
fact issues as to required elements of the movant’s cause or claim, but whether the summary
judgment proof establishes, as a matter of law, that there is no genuine issue of material fact
as to one or more elements of the movant’s cause or claim. See Gibbs v. General Motors,
450 S.W.2d 827, 828 (Tex. 1970).
           In resolving the issue of whether the movant has carried this burden, all evidence
favorable to the non-movant must be taken as true and all reasonable inferences, including
any doubts, must be resolved in the non-movant’s favor. See Nixon, 690 S.W.2d at 548-49;
DeLuna v. Guynes Printing Co., 884 S.W.2d 206, 208 (Tex. App.--El Paso 1994, writ
denied). Where the defendants are the movants and they submit summary evidence
disproving at least one essential element of each of plaintiff’s causes of action, then summary
judgment should be granted. See Perez, 819 S.W.2d at 471; Bradley v. Quality Serv. Tank
Lines, 659 S.W.2d 33, 34 (Tex. 1983); Cortez, 885 S.W.2d at 469. Furthermore, when a trial
court’s order granting summary judgment does not specify the ground or grounds relied on
for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced
are meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993); 
Rogers v. Ricane Enter. Inc., 772 S.W.2d 76, 79 (Tex. 1989).
           Under the “no-evidence summary judgment” rule, the movant may move for summary
judgment if, after adequate time for discovery, there is no evidence of one or more essential
elements of a claim or defense on which the nonmovant would have the burden of proof at
trial. Tex. R. Civ. P. 166a(i). The motion must state the elements as to which there is no
evidence. Id. The reviewing court must grant the motion unless the nonmovant produces
summary judgment evidence raising a genuine issue of material fact. Id. Under the no-evidence summary judgment standard, the party with the burden of proof at trial will have
the same burden of proof in a summary judgment proceeding. See, e.g., Esco Oil & Gas, Inc.
v. Sooner Pipe & Supply Corp., 962 S.W.2d 193, 197 n.3 (Tex. App.--Houston [1st Dist.]
1998, pet. denied) (commenting that under Rule 166a(i) “the plaintiff as the nonmovant [has]
the burden to raise a triable issue on each element essential to the plaintiff’s case against each
defendant”).
           The San Antonio Court of Appeals states the applicable standard of review for no-evidence summary judgments as follows: “‘A no-evidence summary judgment is essentially
a pretrial directed verdict,’ and we apply the same legal sufficiency standard in reviewing a
no-evidence summary judgment as we apply in reviewing a directed verdict.” Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied); see also Hon.
David Hittner & Lynne Liberato, Summary Judgments in Texas, 34 Hous. L. Rev. 1303,
1356 (1998) (no-evidence summary judgment is essentially pretrial directed verdict).
           A no-evidence summary judgment is properly granted if the nonmovant fails to bring
forth more than a scintilla of probative evidence to raise a genuine issue of material fact as
to an essential element of the nonmovant’s claim on which the nonmovant would have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert. denied, 523 U.S. 1119, 118 S.Ct. 1799, 140
L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable
reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of
evidence exists. See Havner, 953 S.W.2d at 711. Less than a scintilla of evidence exists
when the evidence is “so weak as to do no more than create a mere surmise or suspicion” of
a fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983).
B. Issues on Review
           In Issue No. One, Appellant argues that the trial court erred in granting summary
judgment for the reason that the evidence presented was more than a scintilla of evidence to
support Appellant’s theory that Arturo De La Rosa was the owner of the vehicle involved in
the collision. In her response to the motion for summary judgment, Appellant attached a
copy of an insurance policy maintained by Arturo De La Rosa which listed the 1993 Mustang
vehicle as an insured vehicle under a policy issued to Arturo De La Rosa. Appellant
contends that this is sufficient to establish ownership of the vehicle in question. She also
attached a copy of the divorce decree between the De La Rosas arguing that the divorce
decree did not dispose of the vehicle and, therefore, is the property of both ex-spouses,
creating an issue regarding ownership. We disagree.
           The record reflects that the copy of the insurance policy attached does include a
reference to the 1993 Mustang. A review of the divorce decree, however, provides for a
different interpretation than that propounded by Appellant. At page 26 of the decree, while
describing the division of the marital estate and awarding property to the wife, paragraph W-7 clearly awards a motor vehicle to Rosa De La Rosa. Though the language of the decree
describes the motor vehicle in general terms, the undisputed affidavits filed in Appellee’s
motion for summary judgment support the implied finding of the trial court that the 1993
Mustang was awarded to Rosa De La Rosa as her property and therefore, that Arturo De La
Rosa did not own the car at the time of the accident. Appellant filed no objections to the
affidavits attached as summary judgment evidence and provided nothing in rebuttal. As
stated previously, she argues in her brief that the automobile was not addressed by the decree
when clearly it was. Her only evidence in support of ownership is the insurance policy listing
the vehicle in question. We do not consider the listing alone to create more than a scintilla
of evidence sufficient to create a fact question regarding ownership.
           In sum, Appellant’s response is essentially a pronouncement that the insurance listing
alone establishes that there are genuine issues of material fact and, therefore, Appellee’s
motion for summary judgment should be denied. In fact, a review of the summary judgment
evidence establishes that the evidence provided is “so weak as to do no more than create a
mere surmise or suspicion” of a fact, and the legal effect is that there is no evidence. See
Kindred, 650 S.W.2d at 63. For the reasons stated, we overrule Appellant’s Issue No. One.
           Having overruled Issue No. One, we find that we need not address Appellant’s
remaining issue on review. We affirm the judgment of the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
August 4, 2005

Before Barajas, C.J., McClure, and Chew, JJ.