COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

MAE DAVIS, § 

    Appellant, §

v. §

STATE OFFICE OF RISK § 
MANAGEMENT,

§

    Appellee.

§

No. 08-06-00257-CV

Appeal from the

34th District Court

of El Paso County, Texas

(TC# 2004-2233)

## **O P I N I O N**

Appellant, Mae Davis, appeals from a no-evidence summary judgment granted in favor of Appellee, the State Office of Risk Management ("SORM"). Because we determine that Davis raised more than a scintilla of evidence concerning her entitlement to lifetime income benefits, we reverse summary judgment and remand this case.

## I. BACKGROUND

Davis suffered a compensable injury on November 30, 1999. As a result, she underwent bilateral knee replacement. Davis sought lifetime income benefits for the total loss of use of both feet. Pursuant to the Texas Labor Code, a contested case hearing was held on February 4, 2004. *See* TEX. LAB. CODE ANN. §§ 410.151 *et seq.* The hearing officer found that the evidence was insufficient to establish that Davis' feet no longer possessed any substantial utility as a member of the body. The hearing officer also found that the evidence was insufficient to establish that Davis' condition was such that she could not get and keep employment requiring the use of both feet at or above the ankle. Accordingly, the hearing officer determined that Davis was not eligible for lifetime

income benefits.

Davis appealed this decision to the Texas Workers' Compensation Commission's Appeals Panel. The Appeals Panel affirmed the hearing officer's decision.

Davis next sought judicial review in the 34th District Court of El Paso County. In her original petition, Davis alleged that she was an employee of the El Paso State Center on or about November 30, 1999, when she was injured on the job, and that she was entitled to lifetime income benefits.

On August 4, 2005, SORM filed a no-evidence motion for summary judgment in which it argued that there was no evidence that Davis suffered a total and permanent loss of the use of both feet at or above her ankle. SORM also notified counsel for Davis that a hearing on the no-evidence motion was set for September 12, 2005. On September 7, 2005, Davis filed a motion for continuance of the hearing. Two days later, Davis filed a motion for leave to file a response and evidence. Davis attached a proposed summary judgment response and affidavit to the motion for leave and requested that the trial court grant leave to file it. On September 29, 2005, the trial court granted Davis' motion for continuance.

On March 28, 2006, the trial court granted Davis' motion and ordered the district clerk to file the response. On June 16, 2006, new counsel for Davis filed an entry of appearance, explaining that Davis' previous attorney was, by then, deceased. On July 13, 2006, the trial court granted SORM's no-evidence motion for summary judgment. The order granting the motion recites that "[t]he Court, after hearing argument from the parties and reviewing the motion and pleadings on file, is of the opinion the motion has merit and should be GRANTED."

Davis appeals the trial court's grant of summary judgment on two grounds. First, she

2

contends that the trial court improperly granted the judgment without notice of either a hearing or a submission date. Second, Davis argues that the trial court erred by granting the judgment, because she presented more than a scintilla of evidence to raise a genuine issue of material fact as to whether she suffered a total and permanent loss of use of both feet.

## II. DISCUSSION

### A. Standard of Review

We apply a *de novo* standard of review to summary judgments. *Casillas v. State Office of Risk Mgmt.*, 146 S.W.3d 735, 739 (Tex. App.--El Paso 2004, no pet.). A no-evidence motion for summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). The party moving for summary judgment must specifically state the elements for which there is no evidence. *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex. App.--El Paso 2005, pet. denied). The burden then shifts to the non-movant to produce competent summary judgment evidence raising a genuine issue of material fact for each element challenged by the motion. *Id.* The evidence is viewed in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751; *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

"A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch*, 118 S.W.3d at 751. If the evidence supporting a finding is such that it would allow reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence

3

exists. *Forbes*, 124 S.W.3d at 172; *Hernandez v. De La Rosa*, 172 S.W.3d 78, 81 (Tex. App.--El Paso 2005, no pet.). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch*, 118 S.W.3d at 751 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## B. Issue One

In her first issue, Davis contends that the trial court erred in granting summary judgment without first providing notice of a hearing or submission. Davis argues that, following the trial court's grant of her motion to continue the September 12, 2005, hearing, the trial court granted SORM's motion for summary judgment without notice that the motion would be reheard or resubmitted. Davis asserts that this resulted in a denial of her rights under article I, sections 13 and 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

The Rules of Civil Procedure entitle a non-movant to twenty-one days' notice before a summary judgment hearing. TEX. R. CIV. P. 166a(c). A non-movant's response is due seven days prior to the hearing date. *Id.* In order to file a response within seven days of hearing, the non-movant must have leave of court. *Id.* An oral hearing on a motion for summary judgment is not required, and the decision whether to grant an oral hearing is within the discretion of the trial court. *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex. App.--Dallas 1994, no writ). Nevertheless, notice of hearing or submission of a summary judgment motion is required, because the hearing date determines the time for response to the motion. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). Without such notice, the respondent cannot know when his response is due. *Id.*; *see also Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.--Tyler 2005, no pet.) ("[a] trial court must give notice of the submission date for a motion for summary

4

judgment because this date determines the date the nonmovant's response is due.").

Davis relies on *Courtney v. Gelber*, 905 S.W.2d 33 (Tex. App.--Houston [1st Dist.] 1995, no writ). In *Courtney*, notice of a hearing on the defendant's motion for summary judgment was given, but the parties agreed to pass on the hearing prior to the due date for the plaintiffs' response. *Id.* at 34. Several months later, without notice to any party, the trial court granted the motion. *Id.* The court of appeals reversed, reasoning that the deadline for the defendant's response had not been reached, because the parties had agreed to pass the hearing date. *Id*. at 34. Because the date was never reset, the response was not due at the time the trial court ruled on the motion. *Id.*

In *Martin*, the trial court granted summary judgment in favor of the defendants four days after they had filed their motion. 989 S.W.2d at 358. The plaintiff did not receive notice of submission and had not filed a response. *Id*. Two days after the order granting the motion was signed, the plaintiff filed a response. *Id*. Thereafter, the trial court issued another order in which it stated that it had considered the response and reconfirmed its ruling. *Id.* Although the trial court erred in granting the motion without notice to the plaintiff, the error was harmless, because the trial court reconsidered its order in light of the response. *Id.* at 359.

Unlike the situation in *Courtney*, it is undisputed that Davis had notice of the September 12, 2005, hearing and that she missed the deadline for her response. Nevertheless, the trial court granted Davis' motion for continuance, as well as her motion for leave to file a response. In the motion for leave, Davis requested that the trial court "grant leave to file the attached Response in Opposition including all exhibits and supporting summary judgment proof." Davis' counsel attached a signed response, to which he attached a copy of an affidavit by Dr. Joseph Neustein, accompanied by three pages of medical records concerning Davis. Thus, despite missing the deadline to file a response,

5

Davis was permitted to file a late response to SORM's motion for summary judgment. Under these circumstances, the trial court was not required to notify Davis that it was considering SORM's motion and Davis' response.

## C. Issue Two

In her second issue, Davis contends that she presented more than a scintilla of evidence to raise a genuine issue of material fact on her entitlement to lifetime income benefits. The statute under which Davis seeks recovery, provides in pertinent part:

(a) Lifetime income benefits are paid until the death of the employee for:

.    .    .

(2) loss of both feet at or above the ankle;

(3) loss of both hands at or above the wrist;

(4) loss of one foot at or above the ankle and the loss of one hand at or above the wrist;

.    .    .

(b) For purposes of Subsection (a), the total and permanent loss of use of a body part is the loss of that body part.

TEX. LAB. CODE ANN. § 408.161(a), (b).[1]

We have noted that:

"Total loss of use" of a member of the body exists whenever by reason of injury such member no longer possesses any substantial utility as a member of the body or the condition of the injured member is such that the worker cannot get and keep employment requiring the use of such member.

---

[1] Though section 408.161 has been amended since the date of Davis' injury and the date of the lawsuit, the above-quoted sections have remained unchanged. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 1456 § 9.01, 2001 Tex. Gen. Laws 5167, 5190; Act of May 29, 2005, 79th Leg., R.S., ch. 265 § 3.126, 2005 Tex. Gen. Laws 469, 528.

*Galindo v. Old Republic Ins. Co.*, 146 S.W.3d 755, 759 (Tex. App.--El Paso 2004, pet. denied). The loss of use must also be permanent in order for a claimant to qualify for lifetime income benefits. *Id.* SORM argued in its motion that there was no evidence that Davis suffered a total and permanent loss of use of both feet at or above the ankle.

Davis contends that the affidavit of Dr. Neustein provides more than a scintilla of probative evidence to raise a genuine issue of material fact. Dr. Neustein states that he is board certified in orthopaedic surgery and that he has evaluated Davis over the past few years for multiple workplace injuries "consisting primarily of bilateral shoulder and knee injury." Dr. Neustein states that Davis takes Ultram and Tylenol 3 and suffers from pain in both knees and her shoulders. He adds that Davis continues to have problems with her knees; that she is at risk of serious injury, because she does not have proper ambulatory equipment; and that she "almost falls down on frequent occasions." Dr. Neustein concludes that "[d]ue to her medical condition she is unable to return to any form of work either limited or full. In my professional opinion, Ms. Davis has no ability to get or keep employment with the use of both shoulders and both knees. . . . For all practical purposes I consider her to be totally disabled."

Three pages of medical records concerning two office examinations in the preceding months are attached to the affidavit. The first record concerns an office visit on May 11, 2005. The record notes that Davis indicated that she is able to ambulate with a wheeled walker, has trouble getting up from a chair, and almost falls down on frequent occasions. The second record concerns an office visit on July 6, 2005, and notes that Davis has pain in both knees and that she uses a walker. The records list, among other things, the internal derangement of both knees and chondromalacia as conditions of Davis' knees. Both records list her projected return to limited work and full work as

7

"never."

SORM argues that its no-evidence motion established the complete absence of a vital fact and conclusively established the opposite of a vital fact, because the affidavit and accompanying medical records address problems with Davis' shoulders along with her knees. SORM argues that the only issue before the trial court was whether Davis was entitled to lifetime income benefits for the loss of both feet at or above the ankle, because no claim concerning her shoulders was presented to the Commission's Hearing Officer or the Appeals Panel. SORM argues that, because Dr. Neustein's affidavit concludes that Davis "has no ability to get or keep employment with the use of both shoulders and both knees," the plain meaning of the affidavit is that a combination of injuries to Davis' shoulders and knees is what prevents her from getting or keeping employment, not injury to her knees alone.

The record indicates that only a claim for benefits for the alleged injury to Davis' knees was presented to the Commission's Appeals Panel. We agree that the trial court is limited to the issues decided by the Appeals Panel. *See* TEX. LAB. CODE ANN. § 410.302(b). We do not consider evidence concerning Davis' shoulders. However, the fact that Davis also presented evidence concerning injury to her shoulders does not compel the conclusion that evidence concerning her knees is negated. The statute permits recovery of lifetime income benefits if a claimant can prove a total and permanent loss of use of both feet at or above the ankle. TEX. LAB. CODE ANN. §§ 408.161(a)(2) and (b). While the affidavit references Davis' shoulders, it also addresses injury to both knees, which is a ground for recovery under the statute.

Considering the foregoing, we conclude that the evidence presented by Davis is sufficient to create more than a scintilla of evidence concerning the total and permanent loss of use of both feet

8

above the ankle.  Accordingly, we sustain Issue Two.

### III.  CONCLUSION

For the reasons stated herein, we reverse the summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

KENNETH R. CARR, Justice

April 3, 2008

Before Chew, C.J., McClure, and Carr, JJ.