**Reverse and Remand; Opinion Filed June 28, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01037-CV

**JOSEPH PARILLO, Appellant**
**V.**
**KOFAHL SHEET METAL WORKS, INC., Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-01830-B**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Evans

Joseph Parillo appeals from the trial court's summary judgment in favor of Kofahl Sheet

Metal Works, Inc. In two issues, Parillo generally contends the trial court erred in granting

summary judgment because there are material fact issues on Kofahl's claims. We reverse the

trial court's judgment and remand the cause for the reasons set forth below.

### BACKGROUND

Kofahl sued Parillo alleging he failed to pay the amount due after hiring Kofahl to

fabricate two rudder skins for his yacht and arranging for a third party welder to work on the

rudders in Kofahl's shop. Kofahl asserted a suit on a sworn account, as well as claims for breach

of contract and quantum meruit. Parillo filed a general denial. Kofahl then moved for summary

judgment on its breach of contract claim. Its motion was supported by an affidavit from office

manager Katherine Kofahl, who testified that Parillo commissioned certain work and that a systematic record of the goods and services provided to him was set forth in the invoice attached to her affidavit. According to the office manager, Parillo paid nothing on the account. She further testified, "After all just and lawful offsets, payments, and credits have been allowed, Parillo is indebted to Kofahl Sheet Metal in the amount of $6,765.63, including 80 hours of labor at $75.00 per hour, materials at a cost of $320 and sales tax of $515.63." Kofahl also requested prejudgment interest and attorney's fees.

Parillo filed a response to the motion disputing the existence of a contract between the parties and contesting the amount due, among other things. Attached to his response was an unsworn declaration from the third party welder detailing the work he performed on the rudders. The welder opined the total cost of the work performed on the rudders ranged from $1500 to $4000, including the value of the work he performed and for which he had already been paid by Parillo. Parillo also provided an unsworn declaration from the yacht's first mate. According to the first mate, after the work at Kofahl's was completed and the rudders were returned to the boat for reinstallation, oil was leaking from one of the rudders and had to be repaired. Kofahl filed a reply asserting that because its suit met the requirements of a sworn account in accordance with rule 185, Parillo's response and summary judgment evidence was insufficient to defeat its motion and should be stricken based on Parillo's failure to file a sworn denial in compliance with rule 185.

Three days before the scheduled hearing on Kofahl's summary judgment motion, Parillo filed a verified amended original answer specifically denying the existence of an enforceable contract between him and Kofahl, and challenging the amount Kofahl claimed was due. After the hearing, the trial court granted Kofahl's motion and awarded judgment against Parillo in the

amount of $6,765.63 plus pre- and post-judgment interest.  The trial court denied Kofahl's request for attorney's fees.  This appeal followed.

## ANALYSIS

We review the trial court's summary judgment de novo to determine whether the movant established its right to judgment as a matter of law.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  We apply the well-established standard for reviewing traditional summary judgments.  *See* Tex. R. Civ. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994).  In reviewing the summary judgment record, we indulge every reasonable inference in favor of the nonmovant, resolving all doubts in his favor, and take as true all evidence in the nonmovant's favor.  *See Provident Life*, 128 S.W.3d at 215.  The movant has the burden of establishing no genuine issues of material fact exist and its entitlement to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c).

The elements Kofahl had to conclusively establish to obtain summary judgment on its breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant and (4) damages resulting from the breach.  *See Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 837 (Tex. App.—Dallas 2014, no pet.).  The only evidence to support Kofahl's breach of contract claim, however, was its office manager's affidavit with attached invoice.  The affidavit indicates Parillo commissioned two boat rudder skins from Kofahl and hired a third party welder to work on the rudder skins at Kofahl's shop using Kofahl's tools and supplies.  But there is nothing in the affidavit or invoice evidencing the parties' agreement on the scope or price for the work done.  Indeed, the description of work contained in the invoice provides, "We were not asked a price before we began."  The invoice details five separate items as "Our Original

–3–

Assignment" with accompanying charges of $210, $65, $40, $65, and $65 for a total of $445. The invoice also states Parillo's welder

> . . . had left without sanding the welds. His welder did not also fill in between the separate weld beads. Joe was here when his welder was welding.
>
> Joe said he wanted that to finish out the skinning. We offered to weld a short 3" section to see if that was what Joe was looking for. He said yes and to do all of it that way. DID NOT ASK PRICE.

(Capitals in original). Additionally, the invoice indicates the welder was in Kofahl's shop "2.5/3.5/4.5 days using our equipment" and Parillo was in the shop "9.10" hours on November 15, and 9 hours on November 16. Finally, the invoice states, "We were still finding pin holes, sanding them out, rewelding and resanding till Joe picked them up on Wednesday (11-19)." The invoice does not indicate an hourly charge for labor performed, how the $320 charge for materials mentioned in the affidavit was computed, or demonstrate how Kofahl arrived at the total due of $6,765.63. Likewise, the affidavit to which the invoice is attached does not establish that the parties agreed on a price for the work, the scope of the work, or how the work would be charged. Nor does it demonstrate how the total amount due was calculated. Instead, it merely confirms an amount due of "$6,765.63, including 80 hours of labor at $75.00 per hour, material at a cost of $320.00, and sales tax of $515.63." Because Kofahl's summary judgment evidence was insufficient to establish the existence of contract between Kofahl and Parillo, a necessary element of its breach of contract claim, the trial court erred in granting Kofahl's summary judgment motion.

On appeal, Kofahl also argues it was entitled to summary judgment under rule 185 pertaining to suits on a sworn account. *See* TEX. R. CIV. P. 185. Kofahl implicitly acknowledges that it did not specifically raise rule 185 as a ground for summary judgment in its motion.[1] We

---

[1] Kofahl first raised rule 185 in its reply in support of its motion for summary judgment.

conclude Kofahl's argument based on rule 185 is not properly before us because Kofahl did not move for summary judgment on that basis and an appellate court can affirm a summary judgment only on grounds expressly set out in the motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). In reaching our conclusion, we necessarily reject Kofahl's contention that because rule 185 is a rule of evidentiary procedure, it need not present it as a ground for summary judgment in its motion. We do not agree, and Kofahl's argument is not supported by, *Southern Management Services, Inc., v. SM Energy Company*, 398 S.W.3d 350, 353 (Tex. App.—Houston [14th Dist.] 2013, no pet.) and *Birdwell v. Texins Credit Union*, 843 S.W.2d 246, 248 (Tex. App.—Texarkana 1992, no writ), the cases on which it relies. *SM Energy Company* merely indicates that a suit on a sworn account is not an independent cause of action and instead affords a procedural right of recovery in certain contract disputes. *SM Energy Co.*, 398 S.W.3d at 353. It does not address whether a summary judgment movant must raise rule 185 as a ground for summary judgment. *Birdwell,* on the other hand, addresses whether a movant's motion for summary judgment only presenting a ground for summary judgment by reference to the pleadings was specific enough to support the relief granted. *Birdwell*, 843 S.W.2d at 247. The summary judgment motion in *Birdwell* also stated the cause of action was based on an open end credit agreement executed and delivered by the defendant. *Id*. The Texarkana court reasoned that when a suit meets the requirement of rule 185, and the defendant's answer does not meet the requirements of that rule, the plaintiff's motion need only state that the defendant's answer does not raise any issue of material fact. *Id*. at 248. Kofahl's motion for summary judgment neither mentions rule 185 as a basis for the relief sought nor states that Parillo's answer does not raise any issue of material fact. Accordingly, rule 185 cannot be the basis for affirming the trial court's summary judgment.

Moreover, based on the record before us, we would not affirm the trial court's judgment, even if Kofahl specifically moved for summary judgment under rule 185. To prove a sworn account, a plaintiff must show (1) there was a sale and delivery of merchandise or performance of services; (2) the amount or prices were either charged in accordance with an agreement or were customary and reasonable; and (3) that the amount is unpaid. *See Day Cruises Maritime, L.L.C. v. Christus Spohn Health Sys.*, 267 S.W.3d 42, 53 (Tex. App.—Corpus Christi-Edinburg 2008, pet. denied). Here, Kofahl's sworn affidavit is completely silent with respect to the second requirement. Nowhere in the affidavit does it state the prices were in accordance with an agreement or were customary and reasonable. Instead, the affidavit simply recites what Kofahl charged Parillo. The invoice indicates the parties never discussed a price or how the project would be billed. Because Kofahl failed to satisfy the requirement of rule 185, we do not reach the issue of whether Parillo met the requirements of rule 185 to challenge Kofahl's claim. *See Birdwell,* 843 S.W.2d at 248 (where plaintiff failed to satisfy rule 185, it is "irrelevant" whether defendant controverted sworn account).

## CONCLUSION

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.[2]

151037F.P05

/David Evans/
DAVID EVANS
JUSTICE

---

[2] Based on our ruling, we need not address the merits of Kofahl's complaint that the trial court erred in denying its request for attorney's fees.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSEPH PARILLO, Appellant

No. 05-15-01037-CV      V.

KOFAHL SHEET METAL WORKS, INC.,
Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-15-01830-B
Opinion delivered by Justice Evans, Justices
Lang-Miers and Brown participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

      It is **ORDERED** that appellant Joseph Parillo recover his costs of this appeal from appellee Kofahl Sheet Metal Works, Inc.

Judgment entered this 28th day of June, 2016.